1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
PRECISION REPLACEMENT PARTS            )
CORP., a Washington corporation,              )
                                                    )        Case No. C04-0566L
                    Plaintiff,                        )
                                                    )
        v.                                          )
                                                    )        ORDER GRANTING PLAINTIFF'S
                                                    )        MOTION TO AMEND AND
AUTO GLASS COMPONENTS, INC.            )        DENYING DEFENDANT'S CROSS
an Iowa corporation,                            )        MOTION FOR MORE DEFINITE
                                                    )        STATEMENT
                    Defendant.                      )
_____)

        This matter comes before the Court on plaintiff's "Motion to Amend Pursuant to Fed. R.

Civ. P. 15" (Dkt. # 34) ("Motion to Amend") and defendant's "Response to Plaintiff's Motion to

Amend and Cross-Motion for More Definite Statement" (Dkt. # 35) ("Cross-Motion"). 

Precision and AGC are direct competitors in the market for automotive glass accessories.

Precision is suing AGC for copyright infringement, violation of the Lanham Act, unfair

competition, and violation of the Washington State Consumer Protection Act.  Complaint at 8-

12.  Precision now moves for leave to amend its complaint to include additional claims for

contributory infringement, civil conspiracy, and unjust enrichment.  See Motion to Amend at 1.

In response, AGC moves for a more definite statement for the proposed contributory

infringement claim.  See Cross-Motion at 1-2.  For the reasons set forth in this Order, the Court

ORDER GRANTING PLAINTIFF'S MOTION TO
AMEND AND DENYING DEFENDANT'S CROSS
MOTION FOR MORE DEFINITE STATEMENT  - 1

GRANTS plaintiff's Motion to Amend and DENIES defendant's Cross-Motion.

As to plaintiff's Motion to Amend, defendant AGC "recognizes that courts grant leave to amend freely pursuant to Fed. R. Civ. P. 15(a), and . . . it will not resist PRP's [Precision's] motion to add them." See Cross-Motion at 1.  Given that defendant does not oppose the motion to amend the complaint, plaintiff's Motion to Amend is GRANTED.

Fed. R. Civ. P. 8(e)(1) requires that pleadings be "simple, concise, and direct."  The plaintiff must set out "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "[A] plaintiff need only provide the bare outlines of his claim."  Bautistuta v. Los Angeles County, 216 F.3d 837, 843 (9th Cir. 2000).  Defendant claims that the term "certain customers" is not definite enough to allow it to admit or deny allegations of contributory infringement.[1]  See Cross-Motion at 4.  There has been no showing by defendant of any enhanced pleading standard that requires more than the "bare outlines" of the claims.[2]  See Bautistuta, 216 F.3d at 843.  Defendant has been given sufficient notice regarding the claims against it and can utilize discovery to further develop defenses related to "certain customers."

Defendant also contends that it needs the names of the customers in order to determine whether it needs to join the customers as defendants.  See Reply in Support of Cross Motion at 3.  However, defendant concedes that the deadline for joining parties passed on April 1, 2005. Id.  Under the circumstances, defendant will have to move the Court for permission to join additional parties and that can be accomplished after initial discovery takes place.  Therefore, joinder does not present a compelling justification for requiring plaintiff to disclose further

---

[1]  This claim seems disingenuous given that defendant "denies the substance of PRP's [Precision's] new claims."  See Cross-Motion at 1.  Defendant appears ready to summarily deny the new claims, but also insists that more information is needed for it to determine whether to admit or deny the new allegations.

[2]  Plaintiff's claims do not sound in fraud and do not trigger compliance with Fed. R. Civ. P. 9(b).

ORDER GRANTING PLAINTIFF'S MOTION TO
AMEND AND DENYING DEFENDANT'S CROSS
MOTION FOR MORE DEFINITE STATEMENT  - 2

information at this juncture.

For all of the foregoing reasons, plaintiff's Motion to Amend (Dkt. # 34) is GRANTED and defendant's Cross-Motion for More Definite Statement (Dkt. # 35) is DENIED.

DATED this 3rd day of May, 2005.

*Robert S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO
AMEND AND DENYING DEFENDANT'S CROSS
MOTION FOR MORE DEFINITE STATEMENT  - 3