UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRECISION REPLACEMENT PARTS CORP., a Washington corporation,

Plaintiff,

v.

AUTO GLASS COMPONENTS, INC., an Iowa corporation,

Defendant.

Case No. C04-0566L

ORDER DENYING MOTION TO QUASH

## I. INTRODUCTION

This matter comes before the Court on a motion filed by defendant Auto Glass Components, Inc. ("AGC") to quash the deposition subpoena that plaintiff Precision Replacement Parts Corporation ("Precision") issued to Steven F. Dummermuth; the deposition is currently scheduled to be held in Cedar Rapids, Iowa on August 3, 2005. (Dkt. #46).

For the reasons set forth below, the Court denies the motion to quash.

## II. DISCUSSION

Mr. Dummermuth is the president of AGC and its parent corporation, Iowa Glass Depot, Inc. ("Iowa Glass"). AGC has not listed him as a witness. AGC argues that a protective order is appropriate because Mr. Dummermuth is not involved in the day to day operations of AGC, he

ORDER DENYING
MOTION TO QUASH - 1

cannot provide information relevant to the claims in this lawsuit, Precision has noted the deposition of Mr. Dummermuth to harass and embarrass him, and the deposition would be cumulative because the deposition of Rule 30(b)(6) designee Jay Morrissey, an officer of both AGC and Iowa Glass, is scheduled to occur shortly.[1]

The Federal Rules of Civil Procedure allow parties to conduct broad discovery into matters "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A party seeking a protective order "must demonstrate that 'good cause' exists for the protection of that evidence. 'Good cause' is established where it is specifically demonstrated that disclosure will cause a 'specific prejudice or harm.'" Rivera v. Nibco, Inc., 384 F.3d 822, 827 (9th Cir. 2004) (quoting Phillips ex rel. Estates of Bryd v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The requesting party bears the burden of showing that specific harm or prejudice will result and must make "specific demonstrations of fact" supported by "concrete examples" instead of mere "conclusory allegations of potential harm." Foltz v. State Farm Mutual Auto Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003). The purpose of any protective order "is to prevent harm by limiting disclosure of *relevant and necessary* information." See Cacique, Inc. v. Reiser & Co., Inc., 169 F.3d 619, 622-23 (9th Cir. 1999) (emphasis in original; internal citation and quotation omitted). Precision argues that the information sought in the deposition is relevant to its claims of copyright and trademark infringement and to its conspiracy allegation. The evidence does not demonstrate that Mr. Dummermuth has much involvement in AGC's day to day operations. However, it does show that he is at least a high level participant in the company's sales, business strategies, and marketing, all of which are related to Precision's claims. Moreover, this is not a case involving a discrete occurrence such as a workplace injury; rather, the alleged wrongs were on-going and

---

[1] The parties dispute whether they have conferred as required by Local Rule 37. In light of the certification from AGC's counsel that the conference occurred, the Court will assume that it did. However, there should not be any dispute regarding that issue before any future discovery motions are filed.

ORDER DENYING
MOTION TO QUASH - 2

1  implicate AGC's business strategies and higher level operations.  Mr. Dummermuth does not
2  state that he lacks relevant information.  Cf. Elvis Presley Enterprises, Inc. v. Elvisly Yours,
3  Inc., 936 F.2d 889, 894 (6th Cir. 1991) (affirming decision to quash deposition of Priscilla
4  Presley, who submitted an affidavit disclaiming knowledge of relevant events).  Finally, AGC is
5  a relatively small company, which increases the likelihood that Mr. Dummermuth has relevant
6  knowledge as Precision alleges.  For these reasons, the Court finds that Precision has made a
7  sufficient showing of relevance at this stage in the litigation.
8       The Court also considers whether AGC has shown good cause to quash the subpoena.
9  Although the Court is cautious in allowing the depositions of high level corporate officers,
10 several factors weigh against a protective order in this case.  First, AGC has failed to offer
11 specific facts or concrete examples of how it will be harmed absent a protective order.  Second,
12 AGC has not shown that the burden of the deposition outweighs the potential benefit.  Precision
13 has mitigated the burden on Mr. Dummermuth by serving the subpoena well in advance and
14 scheduling the deposition to occur in his workplace.  The deposition of Mr. Morrissey, AGC's
15 Rule 30(b)(6) designee, will occur one day before that of Mr. Dummermuth.  Given this timing,
16 the Court assumes that Precision will conduct Mr. Dummermuth's deposition in a manner
17 carefully tailored to avoid duplication.  Third, although it is possible that Mr. Dummermuth's
18 deposition testimony could be duplicative of discovery gained from other sources, it is not
19 necessarily true given his unique position.  Finally, although AGC argues that the subpoena was
20 issued to embarrass and harass, there is no evidence to support that allegation.  The Court
21 therefore finds that AGC has not shown good cause to quash the deposition subpoena.

28 ORDER DENYING
   MOTION TO QUASH - 3

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES AGC's motion to quash (Dkt. #46).

DATED this 29th day of July, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO QUASH - 4