UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRECISION REPLACEMENT PARTS
CORP., a Washington corporation,

Plaintiff,

v.

AUTO GLASS COMPONENTS, INC.,
an Iowa corporation,

Defendant.

Case No. C04-0566L

ORDER DENYING MOTION TO
STRIKE COUNTERCLAIMS

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff Precision Replacement Parts Corporation ("Precision") to strike the counterclaims filed by defendant Auto Glass Components, Inc. ("AGC"). (Dkt. #41). Precision argues that AGC improperly filed its counterclaims after the deadline to amend the pleadings without leave of the Court. AGC counters that it promptly filed its counterclaims in its answer to Precision's amended complaint.

For the reasons set forth below, the Court denies the motion.

## II. DISCUSSION

**A.  Background Facts.**

Precision and AGC are direct competitors in aftermarket sales of automotive glass

ORDER DENYING MOTION
TO STRIKE COUNTERCLAIMS - 1

molding products. Precision asserts claims against AGC for copyright and trademark infringement and alleges that AGC used Precision's alpha-numeric product identifier in its own products.

The Court set an April 1, 2005 deadline to amend the pleadings. On March 30, 2005, Precision filed a motion to amend its complaint pursuant to Fed. R. Civ. P. 15(a), which the Court subsequently granted. (Dkt. #38). Precision filed its amended complaint on May 24, 2005, adding claims for contributory infringement, civil conspiracy, and unjust enrichment. (Dkt. #39). On June 8, 2005, AGC filed its amended answer which included two counterclaims, one for defamation and one under the Lanham Act. (Dkt. #40).

**B.     Analysis.**

Precision concedes that AGC was permitted to file an amended answer in response to the amended complaint, and that it did so in a timely manner. It is also undisputed that Precision's amended complaint significantly expanded its theory of the case by adding new claims. Precision nevertheless argues that because AGC included counterclaims, it was required to move to amend pursuant to Fed. R. Civ. P. 13 and 15 just as it would if Precision never filed an amended complaint. However, unlike this case, none of parties in the cases Precision cites filed counterclaims in response to the filing of an amended complaint.[1] Although neither party cited any Ninth Circuit precedent directly on point, the Court finds other authority persuasive for the proposition that no motion was required. See, e.g., 6 C. Wright & A. Miller, Federal Practice

---

[1] Cf. Federal Sav. & Loan Ins. Corp. v. Molinaro, 923 F.2d 736, 738-40 (9th Cir. 1991). Although Precision states that the Ninth Circuit in Molinaro "affirm[ed the] district court's dismissal of defendant's counterclaims as procedurally unauthorized because defendant did not obtain leave of court," Motion to Strike at p. 4., in fact the court and the parties acknowledged that the district court's written order contained a scrivener's error and was superceded by its oral ruling that "the sanctions were not a response to Ferm's decision to assert her counterclaims" for the first time in her answer to the supplemental complaint. Id. at 738; see also id. at 738 n.2 (noting that the parties agreed that "there is no procedural impropriety supporting the sanction order").

ORDER DENYING MOTION
TO STRIKE COUNTERCLAIMS - 2

and Procedure §1476, at 558 (citing Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc., 50 F.R.D. 415 (D. Del. 1970)); see also id. at 60 (Supp. 2005).[2]  Instead, because Precision significantly enlarged the scope of the case by adding three additional claims, AGC was "allowed to plead anew as though it were the original complaint filed by the Plaintiff." Tralon Corp. v. Cedarapids, Inc., 966 F.Supp. 812, 832 (D. Iowa 1997) (internal citations and quotation omitted).

Precision also argues that even if its filing of an amended complaint "opened the door," it was only to a timely motion under Fed. R. Civ. P. 16 to alter the deadline to file amended pleadings.  However, if Precision had filed its amended complaint earlier, AGC could have filed its amended answer within the April 1, 2005 deadline.  Requiring AGC to move for leave to amend because Precision filed its amended complaint after the deadline would lead to inequitable results, strategic behavior, and waste of judicial resources.  The requirements of Rule 16 cannot apply under the circumstances.

Finally, in light of the above analysis, the liberal pleading standards, and the current record, speculation regarding whether the counterclaims could have been brought sooner is both difficult and unnecessary.[3]  Instead, the Court finds that AGC was not required to obtain leave to

---

[2] In Joseph Bancroft, the court noted, "Since the amending pleader chooses to redo his original work, and receives the benefit of *nunc pro tunc* treatment, he can hardly be heard to complain that claims filed against him are improper because they should have been asserted in response to his original pleading." Joseph Bancroft & Sons, 50 F.R.D. at 419; see also Refuse Fuels, Inc. v. Nat'l Fire Ins. Co., 139 F.R.D. 576, 578 (D. Mass. 1991) (explaining that "defendants did not need leave to serve new counterclaims and assert new defenses" after plaintiffs amended their complaint pursuant to Fed. R. Civ. P. 15(a)); Commerce Bancorp., Inc. v. BankAtlantic, 57 Fed. R. Serv. 3d 437 (D.N.J. 2004).

[3] Even if AGC were required to file a motion to amend, the Court would grant that motion in the interests of justice.  Precision has not shown prejudice, bad faith, or futility, and AGC's prompt filing of its counterclaims will not cause undue delay, especially in light of the fact that the parties will need to conduct additional discovery anyway regarding Precision's new claims.

ORDER DENYING MOTION
TO STRIKE COUNTERCLAIMS - 3

file its amended answer, including counterclaims, in response to Precision's amended complaint.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Precision's motion to strike AGC's counterclaims.  (Dkt. #41)

DATED this 25th day of August, 2005.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO STRIKE COUNTERCLAIMS - 4